**In the Matter of the Electrical Contractor License of Stephen L. KANTRUD, d/b/a Steve's Electric.**

**No. C8–90–1897.**

Court of Appeals of Minnesota.

Feb. 26, 1991.

Mark Stephen Stolpman, Hefte, Pemberton, Sorlie & Rufer, Fergus Falls, for relator Stephen L. Kantrud.

Hubert H. Humphrey III, Atty. Gen., Louis Hoffman, Sp. Asst. Atty. Gen., St. Paul, for respondent State of Minn. Bd. of Electricity.

Considered and decided by NORTON, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

NORTON, Judge.

Respondent issued an order affirming Administrative Law Judge's grant of summary judgment based on his conclusion that relator had violated Minn.Stat. § 326.242, subd. 6 (1988). Respondent further ordered relator's request for a renewal of his electrical contractor's license be denied based on the violation. Appeal is taken from the order under Minn.R.Civ. App.P. 103.03(g).

## FACTS

Relator Stephen L. Kantrud holds a Class A master electrician's license. Under the business name of Steve's Electric he also has held an electrical contractor's license since 1974. His latest electrical contractor's license was granted by respondent State Board of Electricity on March 31, 1988.

Relator operates his sole proprietorship electrical contracting business in Vergas, Minnesota. He acts as his own master electrician and has never employed a designated master electrician. Since November

1989, he has also been employed as an electrician by Willmar Electric Company, a subcontractor of BE & K Construction, Inc., which is responsible for electrical work at the Boise–Cascade Corporation plant in International Falls.

In 1989, after applying for renewal of his electrical contractor's license, relator was advised by respondent that his electrical contractor's license was being revoked because he was employed as a licensed electrician by Willmar Electric Company while he was also acting as the designated responsible master electrician for Steve's Electric. On January 24, 1990, respondent issued a notice of and order for hearing, order to show cause and statement of charges as to the proposed revocation. Both respondent and relator moved for summary judgment under Minn.R. 1400.-6600 (1989).

On March 12, 1990, Administrative Law Judge Peter C. Erickson issued an order for summary judgment in favor of respondent pursuant to his authority under Minn.R. 1400.5500(K) (1989). Relator was given until March 23, 1990, to request a hearing regarding the appropriate disciplinary action to be taken by respondent. No request was made. On June 5, 1990, respondent issued an order affirming the administrative law judge's grant of summary judgment and ordering the request for a renewal of relator's electrical contractor's license be denied.

## ISSUE

Does Minn.Stat. § 326.242, subd. 6 (1988) prohibit a sole proprietor electrical contractor acting as his own master electrician from holding employment with another electrical contractor as a licensed electrician?

## ANALYSIS

An appellate court may reverse an administrative agency decision only if:

[T]he substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:

(a) In violation of constitutional provisions; or

(b) In excess of the statutory authority or jurisdiction of the agency; or

(c) Made upon unlawful procedure; or

(d) Affected by other error of law; or

(e) Unsupported by substantial evidence in view of the entire record as submitted; or

(f) Arbitrary or capricious.

Minn.Stat. § 14.69 (1988).

Relator contends that as a matter of law respondent has erred in its interpretation of Minn.Stat. § 326.242, subd. 6 and thus wrongfully denied renewal of his license under Minn.Stat. § 326.242, subd. 9(d) (1988). When statutory interpretation is at issue this court is not bound by agency determination, but may give some weight to the determination "where (1) the statutory language is technical in nature, and (2) the agency's interpretation is one of long-standing application." *Arvig Telephone Co. v. Northwestern Bell Telephone Co.*, 270 N.W.2d 111, 114 (Minn.1978).

Section 326.242, subd. 6 contains the requirements for holding an electrical contractor's license. The pertinent language of the subsection states:

No contractor shall engage in business unless the contractor is or employs a licensed Class A Master or Class B Master electrician, who shall be responsible for the performance of all electrical work in accordance with the requirements of this act, and the classes of work for which the licensed electrical contractor is authorized shall be limited to those for which such Class A Master, or Class B Master employed by the contractor is licensed. When an electrical contractor's license is held by an individual, partnership, or corporation and the individual, one of the partner's, or an officer of the corporation, respectively, is not the responsible master electrician of record, all requests for inspection shall be signed by the responsible master electrician of record. The application for an electrical contractor's license must include a verified statement that the designated responsible master electrician is a full-time

employee of the individual, partnership, or corporation which is applying for an electrical contractor's license. For purposes of this subdivision, a full-time employee of a licensed electrical contractor is an individual who is not employed in any capacity as a licensed electrician by any other electrical contractor.

The statute's language is not particularly technical nor was evidence presented by either party as to a longstanding interpretation of the statute. Therefore, this court will not defer to respondent's interpretation of the statute.

As the administrative law judge stated in his memorandum "the statute above is not written as clearly as it might be." It is clear the statute allows an electrical contractor the choice between two alternatives for providing the mandated responsible master electrician: (1) an electrical contractor can be his/her own responsible master electrician; or (2) an electrical contractor can employ a responsible master electrician.

The issue at hand is whether the "designated responsible master electrician" in sentence three and four, who must be employed full-time and exclusively by the electrical contractor, refers back to both alternatives for providing a master electrician, thus encompassing electrical contractors who are their own responsible master electricians. If it does, then such contractors may not be employed elsewhere as electricians.

Respondent would have the term "employee" in sentence three and four include those who are self-employed, thus providing no distinction between self-employed electrical contractors, who act as their own responsible master electricians of record, and responsible master electricians of record who are employed by others. It argues the legislative intent of subdivision 6 lies in the legislature's desire to guarantee that licensed qualified electricians will supervise all electrical work. It contends the legislature felt if a designated master electrician was allowed to be employed by more than one employer it might lead to the unacceptable practice of having an unlicensed or unqualified electrician filing requests for inspections which have been pre-signed by an absent master electrician. Respondent asserts the possibility of such an act exists not only when an electrician is hired to act as a designated master electrician of record for more than one contractor, but might just as easily arise when a self-employed electrical contractor, such as relator, works not only for himself but also for another employer.

Relator argues that respondent has never interpreted the statute in this manner before. He contends that not only will he be affected by the interpretation but so will an unknown number of sole proprietor electrical contractors/master electricians throughout Minnesota who always have regularly supplemented their income with employment as an electrician. It will necessarily force such contractors to give up their contractors' licenses whenever their electrical contracting workload is insufficient to maintain a living wage. While the record contains no evidence to substantiate relator's contention as to the extent of the impact of respondent's interpretation, we agree with his conclusion as to the results.

Relator argues sentence three and four apply only to a responsible master electrician who is an employee of an electrical contractor and not to the self-employed contractor who serves as his or her own responsible master electrician. He contends that while he has been his own designated responsible master electrician he has never been an "employee" who was designated as a responsible master electrician.

Unless specifically defined in a statute, "words and phrases are construed according to rules of grammar and according to their common and approved usage." Minn. Stat. § 645.08(1) (1988). Minn.Stat. § 326.242, subd. 6 offers a definition of the term "full-time employee" but no definition is given for the term "employee." *Webster's New International Dictionary* 839 (2nd ed. 1947) defines "employee" as "one employed by another; one who works for wages or salary in the service of an employer."

Legal sources also define an employee as one who works for hire in the services of another. (*See* Black's Law Dictionary, 6th ed. 1990; Dunnell, Minnesota Digest, 2nd, Master and Servant § 1.00 (3rd Ed.1984)). Several Minnesota statutes offer further definitions of the word employee, emphasizing that an employee is someone who works for hire in the services of another. (*See* Minnesota Worker's Compensation Act, Minn.Stat. § 176.011, subd. 9 (1988); Minnesota Fair Labor Standards Act, Minn. Stat. § 177.23, subd. 7 (1988); Minn.Stat. § 181.60 (1988); and Minnesota Human Rights Act, Minn.Stat. § 363.01, subd. 39 (1988)).

The common and legislative usage of the word "employee" support relator's contention that Minn.Stat. § 326.242, subd. 6 does not encompass the self-employed when it refers to an "employee." We believe, lacking a definition to the contrary, that the legislature did not intend the word "employee" to encompass the self-employed. Therefore, sentence three and four of the statute apply only to electricians hired by an electrical contractor to act as a designated responsible master electrician, not to contractors acting as their own designated responsible master electrician.

We also do not believe the legislature intended the effect the respondent's interpretation of the statute would have: that sole proprietor electrical contractors who must find work under another employer as electricians in order to maintain a living wage would be forced to give up their electrical contractors' license.

 Relator stated in his memorandum of law in support of his motion for summary judgment that he has a legitimate property interest in his electrical contractor's license and thus has a right to due process protection of that property interest. However, neither in that memorandum nor in his letter supplementing that memorandum does he make any due process arguments. Therefore, we do not consider the due process implication of respondent's denial of the license.

### DECISION

Respondent erred in its interpretation that Minn.Stat. § 326.242, subd. 6 prohibits a sole proprietor electrical contractor who serves as his or her own designated responsible master electrician from being employed as a licensed electrician by any other electrical contractor. The statute does not prohibit such employment. Therefore, respondent wrongfully denied relator renewal of his electrical contractor's license.

Reversed.